UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THI THU THUY H.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C19-103 RSM

ORDER REVERSING AND REMANDING FOR AN AWARD OF BENEFITS

Plaintiff seeks review of the denial of her application for Supplemental Security Income (SSI). Plaintiff contends the ALJ erred by rejecting the opinion of James Czysz, Psy.D. Dkt. 12. The Court agrees. As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for an award of benefits under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 47 years old, is not able to communicate effectively in English, and has worked as a meat trimmer. Dkt. 10, Admin. Record (AR) 1677. Plaintiff alleges disability as of the December 7, 2011, application date. AR 69, 238. Plaintiff's application was denied initially, on reconsideration, and by an ALJ decision in 2013. AR 67, 68, 93, 94, 26. On appeal to this court, the case was remanded for further proceedings based on the parties' stipulation. AR 715-16. After a 2015 ALJ decision denying benefits, Plaintiff appealed again to this court,

ORDER REVERSING AND REMANDING
FOR AN AWARD OF BENEFITS - 1

which reversed the decision for reasons including erroneously rejecting Dr. Czysz's opinions. AR 654, 1357, 1359-62. After a 2016 ALJ decision again denying benefits, this court reversed the decision again for reasons including erroneously rejecting Dr. Czysz's opinions. AR 1227, 1741, 1746-48. In November 2018, the ALJ issued the decision at issue here, finding Plaintiff not disabled. AR 1647-78.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the December 2011 alleged onset date.

**Step two:** Plaintiff has the following severe impairments: major depressive disorder, psychotic disorder, posttraumatic stress disorder (PTSD), cognitive disorder, degenerative disc disease, and right 5th metacarpal fracture.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Before April 4, 2013, Plaintiff could perform work at all exertional levels. She could perform simple routine tasks, work superficially and occasionally with the general public, work in the same room as coworkers but not in coordination with them, and adapt to simple workplace changes. Reading English and performing calculations could not have been the focus of the job.

Since April 4, 2013, Plaintiff can perform light work, with no sitting, standing, or walking limitations. She can occasionally crawl and climb ladders, ropes, and scaffolds. She can frequently perform fine fingering and gross handling with her right upper extremity. She can perform simple routine tasks, work superficially and occasionally with the general public, work in the same room as coworkers but not in coordination with them, and adapt to simple workplace changes. Reading English and performing calculations cannot be the focus of the job.

**Step four:** Before April 4, 2013, Plaintiff could perform past relevant work as a meat trimmer.

Since April 4, 2013, Plaintiff cannot perform past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that

---

[1] 20 C.F.R. § 416.920.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER REVERSING AND REMANDING
FOR AN AWARD OF BENEFITS - 2

Plaintiff can perform, she is not disabled.

AR 1649-78. The Appeals Council did not assume jurisdiction, making the ALJ's decision the Commissioner's final decision.[3]

**DISCUSSION**

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Each of an ALJ's findings must be supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating evidence, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954, 957 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005).

An ALJ may only reject the uncontradicted opinion of a treating or examining doctor by giving "clear and convincing" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Even if a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by stating "specific and legitimate" reasons. *Id.* The ALJ can meet this

---

[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

standard by providing "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citation omitted). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725.

Dr. Czysz provided opinions on a Psychological/Psychiatric Evaluation form in 2012, 2014, 2015, and 2017, each time after examining Plaintiff. AR 428, 1003, 1640, 2031. Each time, Dr. Czysz diagnosed Plaintiff with major depressive disorder, recurrent, severe with psychotic features. AR 426, 1001, 1638, 2029. Although the form changed over the years, Dr. Czysz opined each time that Plaintiff was "not … employable" or had marked impairments in basic work requirements such as attendance and performing routine tasks without special supervision. AR 427, 1003, 1640, 2030. The ALJ rejected all four opinions. AR 1671-74.

**A.    January 2012 Opinion**

   **1.    Internal Consistency**

The ALJ found it inconsistent that Dr. Czysz determined that Plaintiff was "clearly psychotic" yet checked "no" when asked if he observed auditory hallucinations. AR 1671 (citing AR 428, 426). In the "Attitude and Behavior" category of the Mental Status Exam, Dr. Czysz wrote that Plaintiff "was agitated, appeared frightened, and she is clearly psychotic." AR 428. In other words, Dr. Czysz reported that he observed psychotic attitudes or behaviors. The core of psychosis is "loss of contact with reality." *The American Heritage Dictionary for the English Language* (4th ed. 2000), "psychosis." That Dr. Czysz did not observe auditory hallucinations would only be contradictory if auditory hallucinations were the only type of psychotic behavior. The ALJ cites nothing in the record that would support such a conclusion and is not qualified to draw such a conclusion by substituting her own medical judgment in place of Dr. Czysz's. *See*

*Trevizo*, 871 F.3d at 683 (it is improper for an ALJ to substitute her judgment for a doctor's). Internal inconsistency was not a specific and legitimate reason to discount Dr. Czysz's opinions.

### 2. Conflict with Treatment Notes[4]

The ALJ discounted Dr. Czysz's observations that Plaintiff was confused, disorganized, and paranoid and his opinion of disability because treatment notes did not indicate that Plaintiff's mental impairments were debilitating. AR 1671. The ALJ cited a treatment note stating that Plaintiff was "alert and oriented with no unusual anxiety or depression." AR 1671 (citing AR 466). First, no contradiction is apparent. Second, the treatment note reflects an extremely cursory examination, unlike the detailed mental status examination and clinical interview Dr. Czysz performed. The entirety of the treatment note's psychiatric evaluation is: "Alert and oriented. No unusual anxiety or evidence of depression." AR 466. The provider did not evaluate thought content and stream of mental activity, whereas Dr. Czysz observed that Plaintiff's thought content was paranoid and her stream of mental activity was confused and disorganized. AR 428. This was not a specific and legitimate reason to discount Dr. Czysz's opinions.

The ALJ also noted that in contemporaneous treatment notes Plaintiff did not "report that her depression, anxiety, hallucinations, or other mental issues were severely impacting her life." AR 1671. In support, the ALJ cited social work notes showing Plaintiff seeking help with issues such as housing and Social Security benefits, and a treatment note from a medical visit for abdominal pain. *See* AR 423-24, 468-69, 471-72, 482-84. The purpose of these visits was

---

[4] The Commissioner declines to defend the ALJ's reason that Plaintiff presented differently at Dr. Czysz's examination than in treatment notes, yet defends the underlying findings that treatment notes did not match Dr. Czysz's observations. *Compare* Dkt. 13 at 6 n. 3 *with id.* at 3-4.

unrelated to Plaintiff's mental health and no psychiatric evaluation whatsoever was performed. *Id*. These treatment notes do not contradict Dr. Czysz's observations or opinions, and thus do not provide a specific and legitimate reason to discount them.

The Commissioner argues that because psychotic symptoms were not consistently "reported to or observed by" treatment providers, the ALJ permissibly rejected Dr. Czysz's opinions based on conflict with treatment notes. Dkt. 13 at 4. Several of those treatment notes report visual and auditory hallucinations. *See* AR 493 (Plaintiff "sees 'fireflies', also has conversation with herself on the phone at times"), 572 ("Has hallucinations at times."). In one, a treatment provider interprets Plaintiff's report that people on the bus "question who she is talking to" as audiovisual hallucinations. AR 624 ("AVH(s)"). Other treatment notes show clinical assessments or diagnoses of psychosis or psychotic disorder. AR 412, 497, 569. Overall the record supports, rather than contradicts, Dr. Czysz's opinions on psychosis.

The ALJ also found it "notable that [Plaintiff] was the primary caregiver of 4 children at the time." AR 1671 (citing AR 490). This finding is not supported by substantial evidence. The ALJ relied on a note showing that Plaintiff arrived at a walk-in appointment bringing "[paperwork] requesting child support for her 4 children." AR 490. The ALJ appears to assume that Plaintiff had to be the primary caregiver in order to receive child support, that she knew this, and that she planned to accurately represent herself as primary caregiver in filling out the paperwork, assumptions not supported by the record. This was not substantial evidence that Plaintiff was the primary caregiver of four children and cannot support discounting Dr. Czysz's opinions. Other evidence in the record shows that Plaintiff did not even see her children. *See* AR 1100 (restraining order prevents her from seeing her children), 1146 (hardly sees her children).

Conflict with concurrent treatment notes was not a specific and legitimate reason to discount Dr. Czysz's opinions.

### 3. Motivation

The ALJ found that Plaintiff "made clear that she would rather receive SSI benefits instead of working, viewing jobs as just a temporary event," and concluded "she did not want to work." AR 1672 n. 1. These findings are based on a misinterpretation of the record. Asked if she wanted to work, Plaintiff replied, "Yeah. I wish to have a job." AR 1122. Asked if she would be happier working or getting SSI, she replied, "I think the SSI is, I prefer to have that. And, the job is kind of temporary, sometimes they don't want to hire me." AR 1122. Plaintiff linked the temporary nature of jobs to employers not wanting to hire her, not her own preferences. Suspect motivation in seeking disability benefits was not a specific and legitimate reason to discount Dr. Czysz's opinions.

### 4. Record Review

The ALJ rejected Dr. Czysz's opinions in part because "he did not indicate that he reviewed any other record." AR 1672. The ALJ did not identify any information in the record that would likely have changed Dr. Czysz's opinions. Dr. Czysz clearly relied on his own examination of Plaintiff. Social Security regulations prioritize opinions based on examination over opinions based on record review. 20 C.F.R. § 416.927(c)(1) ("Generally, we give more weight to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you."). The Commissioner argues that review of the record is a factor an ALJ may consider. Dkt. 13 at 5-6 (citing 20 C.F.R. § 416.927(c)(6)). While it is a factor, the ALJ presented no reason it was significant in this case and no reason it should

outweigh the priority given to examining doctors' opinions. Lack of record review was not a specific and legitimate reason to discount Dr. Czysz's opinions.

### 5. Interpreter

Dr. Czysz observed that Plaintiff's stream of mental activity was confused and disorganized, concluding that she "likely [had] some formal thought disorder, although a thought disorder is difficult to diagnose through an interpreter." AR 428. He also noted that he could not directly observe Plaintiff's insight and judgment because "[s]tandardized questions would not be valid with this client due to her ESL status." AR 429.

The ALJ cited Dr. Czysz's caution in diagnosing a thought disorder due to using an interpreter and concluded that "[o]ne would expect such difficulties to be present in multiple other aspects of the evaluation, not just one area within the mental examination." AR 1672. Dr. Czysz carefully noted which areas were affected by Plaintiff's English language barriers. The ALJ is not permitted to substitute her medical judgment for Dr. Czysz's by assuming that other areas were also affected. *See Trevizo*, 871 F.3d at 683. This was not a specific and legitimate reason to discount Dr. Czysz's opinions.

### 6. Impaired Concentration

The ALJ rejected Dr. Czysz's opinion that Plaintiff's concentration was impaired because it was based on Plaintiff's inability to do math or spell an English word, which the ALJ decided was more likely explained by her never having gone to school. AR 1672. The ALJ's interpretation is not supported by the record. Dr. Czysz wrote that Plaintiff's "capacity to concentrate is impaired … as measured by serial (7's) subtraction task[,] … the capacity to spell the word *World* backward[, and the] capacity to follow a three step instruction." AR 429. Plaintiff was able to complete only two of the three steps. *Id*. The ALJ only questioned two of

Dr. Czysz's three measures of concentration.  At minimum, Plaintiff's deficient performance on the three-step instruction task supported Dr. Czysz's opinion of impaired concentration.[5]

### 7. Medication

The Commissioner argues that Plaintiff was not taking medication for her psychotic symptoms, which undermines Dr. Czysz's opinions.  Dkt. 13 at 4.  The ALJ's decision does not contain such an analysis and the Commissioner's contention is thus an improper post hoc argument upon which the Court cannot rely.  The Court reviews the ALJ's decision "based on the reasoning and findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sex. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 1995).

Because none of the reasons the ALJ provided were specific, legitimate, and supported by substantial evidence, the court concludes the ALJ erred by discounting Dr. Czysz's 2012 opinions.

## B. 2014 Opinions

The ALJ discounted Dr. Czysz's 2014 opinions based on lack of record review, which is insufficient, as discussed above.  The ALJ's remaining reasons are also insufficient.

### 1. Plaintiff's Presentation

The ALJ concluded that Plaintiff presented herself to Dr. Czysz as more impaired than she appeared in treatment notes.  The ALJ's conclusion rests on two findings: that Plaintiff did

---

[5] The Commissioner focuses on Dr. Czysz's attribution of Plaintiff's impaired concentration to intellectual impairment and auditory hallucinations.  *See* Dkt. 13 at 5.  Regardless of the cause, Dr. Czysz observed the concentration difficulty.  The Commissioner's brief also treats intellectual impairment, cognitive impairment, and thought disorder as interchangeable terms.  *Id*.  This is a useful illustration of why ALJs and the Commissioner's counsel should not substitute their medical judgment for doctors'.

fine in medical appointments without an interpreter, and that treatment notes do not describe Plaintiff as "childlike, immature, frightened, etc., and one could reasonabl[y] assume that her treating providers would have documented such significant observations." AR 1672-73.

The first finding is unsupported by substantial evidence. The ALJ cites three treatment notes stating "[t]he patient does not need an interpreter." AR 1069, 1074, 1081.[6] These appointments were for the purpose of "checking in" or an "update." *Id.* Very little communication with Plaintiff took place. One appointment describes speaking only with Plaintiff's case manager. AR 1070. In another, Plaintiff "let [the provider] know that she has made an appointment with a doctor here." AR 1074. In the third, Plaintiff brought a notice that her food stamp allotment would remain the same and the provider "explained this to her." AR 1082. None of these treatment notes indicate that Plaintiff is capable of any more than the "poor English" that Dr. Czysz observed. AR 1672 (citing AR 1003). And Plaintiff's providers indicated that Plaintiff's English was poor. They typically used interpreters and described them as "helpful." *See*, *e.g.*, AR 1117, 2185. For appointments that involved significant communication, interpreters were crucial. In one appointment for mental health services, "[t]here was no Vietnamese interpreter present for the first 20 minutes of the appointment, which made communication difficult." AR 1127; *see also* AR 1113 (Before interpreter arrived, "[t]rying to assess for suicide risk was very difficult as it was not clear if client understood the question in English."), 1139 (provider "did not understand much [Plaintiff] said"). The ALJ's

---

[6] The ALJ's two other citations appear to indicate an interpreter was used, although the interpreter was not named. *Compare* AR 1066, 1077 ("Interpreter:   Language: Vietnamese") *with* AR 2644 ("Interpreter:   Language: Vietnamese … A Vietnamese phone interpreter was utilized during the exam").

finding that Plaintiff's English was better than she presented to Dr. Czysz was not supported by substantial evidence.

The ALJ's second finding, that providers' failure to describe Plaintiff as childlike, immature, or frightened undermines Dr. Czysz's opinions, is also unsupported. Some treatment notes accord with Dr. Czysz's observations. *See* AR 1113 (Plaintiff "frightened" by unfamiliar visitors to her building), 1170 (Plaintiff "became visibly upset and tearful."). None contradict his observations.

Inconsistency of Plaintiff's presentation was not a specific and legitimate reason to discount Dr. Czysz's opinions.

**2. Ability to Learn**

Dr. Czysz opined that Plaintiff had a severe limitation on learning new tasks. AR 1002. The ALJ discounted this opinion because she believed that Dr. Czysz relied on Plaintiff's "poor English" to conclude "that she had an [in]ability to learn new material." AR 1673. The ALJ reasoned that poor English and inability to learn "are not the same thing, and one does not necessarily equate to the other." AR 1673. But Dr. Czysz's report does not show that he relied on Plaintiff's poor English as the basis to conclude that she had a learning limitation. In describing his observations of her speech, Dr. Czysz wrote that Plaintiff's "English is very poor and this is likely a reflection of her inability to learn new material." AR 1003. In other words, her poor ability to learn probably *caused* her poor English skills despite being in the United States for well over a decade. The basis for the opined learning limitation, however, was Dr. Czysz's testing revealing impaired memory, fund of knowledge, concentration, abstract thought, insight and judgment. AR 1004. Reliance on Plaintiff's poor English was not a specific and legitimate reason to discount Dr. Czysz's opinion.

### 3. Inaccurate Information

The ALJ discounted Dr. Czysz's opinions because he acknowledged that Plaintiff provided inconsistent and contradictory information. AR 1673. This issue has been addressed in a previous order from this court reversing the ALJ's 2016 decision.

> The record here shows Dr. Czysz performed standardized testing, noted the issues with the test results, and discussed problems with getting information from [Plaintiff] including how she gave inconsistent and contradictory answers. Tr. 1000-05. In short, Dr. Czysz applied standard methods of assessing the mental status of a patient, and explored [Plaintiff's] statements in arriving at his clinical conclusions—there is nothing showing he simply accepted [Plaintiff's] statements and rendered his opinion based solely on what she told him. Consequently, because Dr. Czysz's opinions were not more heavily based on [Plaintiff's] self-reports than on his own clinical observations and professional judgment, the ALJ erred in rejecting his opinions. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, [1199-1200] (9th Cir. 2008).

AR 1360. This reasoning applies to the ALJ's 2018 decision as well. That Plaintiff gave inconsistent answers was not a specific and legitimate reason to discount Dr. Czysz's opinions.

Because none of the reasons the ALJ provided were specific, legitimate, and supported by substantial evidence, the court concludes the ALJ erred by discounting Dr. Czysz's 2014 opinions.

### C. 2015 Opinions

#### 1. Treatment Notes

In addition to inadequate reasons discussed above, the ALJ discounted Dr. Czysz's 2015 opinions as inconsistent with a contemporaneous treatment note showing "neurological findings were normal." AR 1673 (citing AR 1630-31). The cited neurological findings document intact cranial nerves, extremity strength, sensation, and reflexes, and an absence of vertigo. AR 1631. These simply are not comparable to Dr. Czysz's psychiatric testing, which covered speech, attitude and behavior, mood, affect, thought process and content, memory, concentration,

abstract thought, and insight and judgment. AR 1640-41. Nothing in the treatment note contradicts Dr. Czysz's findings or opinions. This was not a specific and legitimate reason to discount Dr. Czysz's opinions.

**2.      Lack of Treatment**

The ALJ found Plaintiff had no treatment between June 2014 and May 2016 and concluded the lack of mental health treatment undermined Plaintiff's allegations. AR 1674. First, the ALJ's finding appears to be factually incorrect. Plaintiff saw health care providers in August 2014, October 2014, and December 2014. AR 1630, 1117-18, 1121-22, 1108-14. Moreover, the ALJ did not explain how the lack of treatment would undermine Dr. Czysz's opinions. A 17-month gap in treatment, over the course of several years of treatment, does not undermine Dr. Czysz's observations and his conclusions based on those observations. Lack of treatment was not a specific and legitimate reason to discount Dr. Czysz's opinions.

**3.      Alcohol Use**

Dr. Czysz opined that Plaintiff's impairments were not primarily the result of alcohol or drug use. AR 1640. He wrote that Plaintiff was currently "abusing alcohol, however, her psychiatric symptoms preceded any substance use and continue during times of sustained remission." AR 1640. The ALJ discounted Dr. Czysz's opinion because his determination "was presumably based on his own faulty prior evaluation reports." AR 1674. Because Dr. Czysz's prior reports were not faulty, this was not a specific and legitimate reason to discount Dr. Czysz's opinion.

The Commissioner misrepresents circuit law in asserting that an ALJ may automatically discount an examining psychologist's opinions "'because of [the claimant's] contemporaneous substance abuse.'" Dkt. 13 at 8-9 (quoting *Andrews*, 53 F.3d at 1043). In *Andrews*, the ALJ

ORDER REVERSING AND REMANDING
FOR AN AWARD OF BENEFITS - 13

permissibly found unreliable a claimant who admitted he "had learned to 'manipulate' programs and people" and, in turn, permissibly discounted the opinions of a psychologist that relied "to a large extent" on the claimant's self-reports. *Andrews*, 553 F.3d at 1043. Here, as discussed above, Dr. Czysz's opinions were not based to a large extent on Plaintiff's self-reports. Plaintiff's alcohol use was not a specific and legitimate reason to discount Dr. Czysz's opinions.

Because none of the reasons the ALJ provided were specific, legitimate, and supported by substantial evidence, the court concludes the ALJ erred by discounting Dr. Czysz's 2015 opinions.

**D.     2017 Opinions**

In addition to the insufficient reason of lack of record review discussed above, the ALJ discounted Dr. Czysz's 2017 opinions as inconsistent with contemporaneous treatment notes. AR 1674. In a visit for headaches, Plaintiff has moderately impaired remote memory, poor attention span, and "disjointed" concentration. AR 2647. These impairments are consistent with Dr. Czysz's findings. In three visits for hand pain, a cursory psychiatric screening found normal orientation, mood, affect, insight, and judgment. AR 2630, 2636, 2641. These results, from cursory mental screenings in the context of appointments focused on physical issues, are not sufficient to undermine the findings of a mental health professional, based on his own thorough examination focused on Plaintiff's mental capacity, especially when the ALJ has shown such extreme and unwarranted hostility to all of Dr. Czysz's reports. *See* 20 C.F.R. § 416.927(c)(5) ("We generally give more weight to the medical opinion of a specialist about medical issues related to his or her area of specialty than to the medical opinion of a source who is not a specialist."). Because the ALJ provided no specific and legitimate reason, supported by

substantial evidence, the court concludes the ALJ erred by discounting Dr. Czysz's 2017 opinions.

**E.      Scope of Remand**

Plaintiff requests the court remand for payment of benefits. Dkt. 12 at 17. In general, the Court has "discretion to remand for further proceedings or to award benefits." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The Court may remand for further proceedings if enhancement of the record would be useful. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The Court may remand for benefits where (1) the record is fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ fails to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). The Court has flexibility, however, "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

All three conditions to remand for benefits are met. First, the record is fully developed after four ALJ decisions, five hearings, and three remand orders from this court. The only relevant conflict in the record is between Dr. Czysz's four opinions and the 2012 opinions of state agency non-examining doctors. The non-examining doctors discounted Dr. Czysz's 2012 opinions for some of the same reasons as the ALJ, *i.e.*, that Dr. Czysz's opinions depended on Plaintiff's non-credible self-reports and were unsupported by the record. *See* AR 78, 90, 101-02, 113. Because those were not legitimate reasons, and the Commissioner's regulations favor examining over non-examining doctors' opinions, on remand there is no remaining conflict left for the ALJ to resolve. *See* 20 C.F.R. § 416.927(c)(1).

Second, the ALJ failed to provide legally sufficient reasons for rejecting Dr. Czysz's opinions, as discussed throughout this order. Third, if Dr. Czysz's opinions were credited as true, the ALJ would be required to find Plaintiff disabled. The Commissioner does not dispute this, arguing only that the state agency non-examining doctors' opinions create conflicts in the record that the ALJ must resolve. Dkt. 13 at 11. Dr. Czysz consistently opined Plaintiff was not employable; her basic work functions such as attendance and performance would be very significantly impaired. AR 427, 1003, 1639-40, 2030. A vocational expert testified that even one unexcused absence a month would lead to termination of employment. AR 64. "The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) … to deal with changes in a routine work setting." SSR 85-15 (S.S.A. 1985). Dr. Czysz's opinions establish that Plaintiff is very significantly limited in the ability to adapt to changes in a routine work setting. AR 427, 1002, 1639, 2030.

The only remaining question is whether the court should exercise discretion to remand for benefits because the record as a whole creates serious doubt as to Plaintiff's disability. It does not. The record is consistent with Dr. Czysz's observations and opinions. Yet in all four ALJ decisions, there is an inexplicable refusal to see Dr. Czysz's opinions for what they are: a qualified medical professional's application of his training and experience to the objective observations he made in multiple examinations. This is a case where "[a]llowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). The Commissioner has had three chances to play again, and will not be given a fourth chance.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED under sentence four of 42 U.S.C. § 405(g) for an award of benefits.

DATED this 1st day of August 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE